[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On May 1, 1990, the defendant-appellant, Maurice Peppers, was indicted for rape (R.C. 2907.02) with the specification that he had previously been convicted of aggravated robbery. On May 17, 1990, Peppers, while represented by counsel, voluntarily withdrew his plea of not guilty to the charges and entered a plea of guilty to the rape, and the state dismissed the specification. On June 5, 1990, after a presentence investigation, Peppers was sentenced to a prison term of five to twenty-five years, with five years' actual confinement and credit for time served.
On April 4, 2000, the court ordered the return of Peppers to Hamilton County for the purpose of his presence at a June 1 hearing to determine whether he was a sexual predator. At the hearing, Peppers was before the judge who had accepted his plea of guilty, and he was represented by new counsel.
It is certain from the indictment and the plea of guilty to the charge of rape that the victim was a female less than thirteen years of age who was not Peppers's spouse. Other parts of the record establish that the child was Peppers's eleven-year-old stepdaughter, and that the rape left her pregnant. Ultimately, that pregnancy was terminated by abortion.
After Peppers's counsel admitted such facts to be true, he advised the court of the following without contradiction by the prosecutor:[1]
 He [Peppers] has completed an enormous amount of programs: Sexual Control and Sex Offender Programs and one Stress Management and an apprenticeship. * * * [H]e's also completed a work assignment as an electrician, a porter, library assistant and excellent prison record [sic].
Without comment beyond that "under the facts" it had no choice but to find Peppers to be a sexual predator, the court did so after declining Peppers's counsel's request to find him to be only a sexual offender.
The issue raised by the single assignment of error is whether the evidence in the record is sufficient to sustain the court's finding. Without question, the state had the burden to prove, clearly and convincingly, that Peppers was likely to engage in one or more sexually-oriented offenses in the future before the court could, in law, declare him to be a sexual predator. See R.C. 2950.01(E). R.C.2950.09(B)(2) sets forth the criteria to be considered in that process.
Here, the judge making the determination had the advantage of having taken Peppers's plea of guilty and having had before him the report of the presentence investigation, which detailed a history of violations of ordinances and laws, and the judge could take notice of them when determining Peppers's status as a sexual predator. See State v. Neblett
(Aug. 21, 1998), Hamilton App. No. C-970541, unreported.
Although a determination that a sexually-oriented offender such as Peppers is also a sexual predator is speculative to a degree, the record and the facts admitted by Peppers when he pleaded guilty convince us that the prosecution met its burden of proof, and that the court did not err in finding Peppers to be a sexual predator. The impregnation of an eleven-year-old stepdaughter living in his household, who then underwent an abortion, when considered in the light of the acknowledgement by the Ohio General Assembly of "overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crime involves the exploitation of young children," see State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported, satisfies the requirements of law in this case.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] We note again that statements made by the prosecutor and defense counsel are not admissible evidence.